UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARYL ROGERS,

          Plaintiff,

    v.

HOWARD, et al.,

          Defendants.

CASE NO. 3:21-CV-5311-RSL-DWC

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Daryl Rogers, who is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action, filed a request for Court-appointed counsel. Dkt. 4. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success

on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing she has an insufficient grasp of her case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In the Motion, Plaintiff states he is legally blind, physically impaired, and incarcerated. Dkt. 4. As a result, he is limited in his ability to litigate this case. *Id*. Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court, nor has he shown he is likely to succeed on the merits of this case. In fact, at this time, the Court has declined to serve Plaintiff's Complaint. *See* Dkt. 7. Additionally, "Plaintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many *pro se* litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009). As such, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time. Therefore, Plaintiff's Motion requesting Court-appointed counsel (Dkt. 4) is denied.

Dated this 14th day of May, 2021.

David W. Christel
United States Magistrate Judge