1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10  DARYL ROGERS,

11                              Plaintiff,

12          v.

13  HOWARD, et al.,

14                              Defendant.

CASE NO. 3:21-CV-5311-TL-DWC

ORDER GRANTING MOTION TO
WITHDRAW

15     Plaintiff Daryl Rogers, proceeding *pro se* and *in forma pauperis*, filed this civil rights

16  action under 42 U.S.C. § 1983. *See* Dkt. 1. Currently pending in this action is State Defense

17  Counsel's Motion for Leave to Withdraw from Representation of Doctor Danee Young ("Motion

18  to Withdraw"). Dkt. 39. After consideration of the relevant record, the Motion to Withdraw (Dkt.

19  39) is granted.

20  **I.     Background**

21     On December 10, 2021, the Court directed the Clerk to serve Plaintiff's Amended

22  Complaint on Defendant Young, among many other Defendants. Dkt. 17. Robert W. Ferguson,

23  Attorney General, Timothy Cedar, and William Schwarz, Assistant Attorneys General,

24

1  ("Counsel") entered a notice of appearance on behalf of all named Defendants, including

2  Defendant Young. Dkt. 19; 20. On January 31, 2022, Counsel filed the Motion to Withdraw.

3  Plaintiff has not filed a response, which was due on or before February 7, 2022. *See* Local Civil

4  Rule 7(d)(3). At this time, Defendant Young has not filed a waiver of service.

5      **II.      Discussion**

6      Under Local Civil Rule 83.2, an attorney ordinarily cannot withdraw an appearance in

7  any case without leave of the Court. "If a withdrawal will leave a party unrepresented, the

8  motion to withdraw must include the party's address and telephone number." Local Rule 83.2(b).

9  The motion to withdraw shall also include a certification that the motion was served on the client

10 and opposing counsel. *Id*.

11      "When ruling on motions to withdraw, courts consider: (1) the reasons why withdrawal is

12 sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might

13 cause to the administration of justice; and (4) the degree to which withdrawal will delay the

14 resolution of the case." *Bernstein v. City of Los Angeles*, 2020 WL 4288443, at *1 (C.D. Cal.

15 Feb. 25, 2020) (internal quotation marks and citations omitted). "The decision to grant or deny

16 counsel's motion to withdraw is ultimately committed to the discretion of the trial court."

17 *Fujifilm Sonosite, Inc. v. Imaging Specialists Grp., LLC*, 2014 WL 1400992, at *1 (W.D. Wash.

18 Apr. 10, 2014).

19      Here, Defendant Young was only identified in the Amended Complaint as "Defendant

20 Young" "a doctor ("DR") at SCCC." Dkt. 16 at 3. Counsel entered an appearance while

21 attempting to identify Defendant Young. Dkt. 39-1, Ceder Dec., ¶¶ 3-4. Counsel identified

22 Defendant Young as Doctor Danee Young, a former contracted staff with the Department of

23 Corrections. *Id*. at ¶ 6. Counsel attempted to locate information to directly contact Defendant

24

1   Young, but were unsuccessful. *Id*. at ¶ 7. Counsel determined Defendant Young was employed

2   under a contract with Maxim Healthcare Group and that the Department of Corrections and the

3   Attorney General's Office are not authorized to represent Defendant Young. *Id*. at ¶ 8. Counsel

4   has contacted Maxim's Assistant General Counsel Sarah Sherman and informed her of the

5   lawsuit and the Motion to Withdraw. *Id*. at ¶ 9. At this time, Defendant Young has not waived

6   service and no other attorney has entered an appearance on her behalf.

7        Counsel has provided the Court with the Maxim's address and telephone number and has

8   certified that the Motion to Withdraw was served on Maxim's counsel and Plaintiff. *See* Dkt. 39,

9   39-1. Therefore, the Court finds counsel has complied with Local Rule 83.2. The Court also

10  finds Counsel has provided sufficient reasons to grant the withdrawal. As such, Counsel's

11  withdrawal will not harm the administration of justice, delay resolution of this case, or prejudice

12  the other litigants. Therefore, Counsel's request to withdraw is granted.

13       **III.    Conclusion**

14       In conclusion, the Motion to Withdraw (Dkt. 39) is granted. Attorney General Robert W.

15  Ferguson and Assistant Attorney General William Schwarz[1] shall be terminated as counsel of

16  record for Defendant Young in this case. Attorney Schwarz is directed to provide a copy of this

17  Order to Maxim's Assistant General Counsel Sarah Sherman.

18       Dated this 7th day of March, 2022.

19

20                                          David W. Christel
                                            United States Magistrate Judge
21

22
_____

23       [1] Assistant Attorney General Timothy Ceder filed a Notice of Withdrawal of Counsel of all defendants on
     February 28, 2022. Dkt. 43. Therefore, only Attorneys Ferguson and Schwarz need be terminated as counsel for
24   Defendant Young.