1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

DARYL ROGERS,

7
                              Plaintiff,

8
        v.

9
SGT. HOWARD, et al.,

                              Defendants.

10

Case No. 3:21-cv-05311-BJR-TLF

ORDER

11      This matter comes before the Court on plaintiff's motions to stay (Dkt. 67) and for

12 appointment of counsel (Dkt. 68). For the reasons discussed below, the Court GRANTS

13 plaintiff's motion to stay and DENIES plaintiff's motion for counsel.

14 A.    Motion to Stay

15      Plaintiff requests that the Court stay this case for 90-120 days in light of his

16 recent transfer from Stafford Creek Corrections Center (SCCC) to Airway Heights

17 Corrections Center (AHCC). Dkt. 67 at 1. Plaintiff states that his property, including his

18 legal documents, may take up to 90 days to be transferred to his new location. *Id.*

19      Defendants state that at the time of plaintiff's transfer to AHCC, DOC transferred

20 three boxes of plaintiff's possessions to his new facility at DOC's expense in

21 accordance with DOC policy. Dkt. 69 at 2. Anything in excess of three boxes has to be

22 paid at plaintiff's request and own expense, and defendants are not aware of plaintiff's

23 specific plans for the transport of his additional possessions, including his legal

24 documents. *Id.*  Defendants do not oppose a reasonable extension of the deadlines in

25

ORDER - 1

the pretrial scheduling order so that plaintiff can arrange for the transport of his legal materials. *Id*. Plaintiff states that he is working to arrange for periodic shipments of his materials. Dkt. 71 at 2.

Having considered plaintiff's motion and defendants' response, the Court GRANTS plaintiff's motion for a stay. The Court notes that plaintiff recently filed a substantially similar motion in another case pending before this Court, which the Court has granted. *See Rogers v. Washington Dep't. of Corr.*, No. 3:21-cv-05311-BJR-TLF at Dkt. 72. In that matter, the Court granted a stay of 60 days from the date of the December 15, 2022 order; as the same documents and records are at issue here, the stay in this case should expire at the same time. The Court therefore orders that proceedings regarding all parties in this matter will be stayed until February 13, 2023.

Accordingly, the Court hereby establishes the following amended pretrial schedule:

- Any dispositive motions shall be filed and served by **March 17, 2023**.

B.     Motion for Counsel

This is plaintiff's second motion for appointment of counsel. Plaintiff filed his first such motion on May 7, 2021, which the Court denied. Dkts. 4, 8. Having carefully considered that motion and balance of the record, the Court finds plaintiff's current motion should be denied as well.

There is no constitutional right to have counsel appointed in a 42 U.S.C. § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil

1    litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th

2    Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

3             To decide whether exceptional circumstances exist, the Court must evaluate both

4    "the likelihood of success on the merits [and] the ability of the petitioner to articulate his

5    claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v.*

6    *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d

7    952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient

8    grasp of his case or the legal issue involved, and an inadequate ability to articulate the

9    factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101,

10   1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of

11   counsel is not the test. *Rand*, 113 F.3d at 1525.

12            Plaintiff requests appointment of counsel because of an inability to afford a

13   private attorney; he asserts the issues in this case are complex, and he has limited

14   knowledge of the law. Dkt. 68 at 1–3. The inability to afford private counsel, however, is

15   not the type of exceptional circumstance that might warrant appointment of counsel at

16   government expense. Rather, it is the type of condition of confinement that inmates who

17   file civil rights complaints would typically face. *See Wood v. Housewright*, 900 F.2d

18   1332, 1335-36 (9th Cir. 1998).

19            The same is true with respect to plaintiff's limited knowledge of the law, given

20   that plaintiff has not shown that such factors have prevented him from being able to

21   articulate the factual basis of his claims pro se. To the contrary, plaintiff's filings indicate

22   quite the opposite.

23

24

25

ORDER - 3

Accordingly, plaintiff's motion for appointment of counsel (Dkt. 68) is DENIED, without prejudice.

Dated this 11th day of January, 2023.

Theresa L. Fricke
United States Magistrate Judge