The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARYL ROGERS,

      Plaintiff,

v.

SGT. HOWARD, *et al.*,

      Defendants.

Case No.: 3:21-cv-5311-BJR

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING SUMMARY JUDGMENT TO STATE DEFENDANTS**

## I.      INTRODUCTION

Plaintiff Daryl Rogers brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983, the First and Eighth Amendments, Americans with Disabilities Act ("ADA"), Rehabilitation Act, and state tort law against the State of Washington ("the State"), Washington Department of Corrections ("DOC"), Stafford Creek Corrections Center ("SCCC"), Ryan Herrington, Erin Lystad, Scott Light, Damon Gordon, James Jolly, Aaron Arias, Timothy Howard, Tyler Cardin, Stacia Johnson,[1] Thomas L'Hereaux, Ronald Haynes, Dennis Dahne, Denise Brewer, Dennis

---

[1] Plaintiff's Amended Complaint refers to Johnson by her maiden name, "Quinn." Amended Compl., Dkt. No. 16 at ¶ 14; *see also* Decl. of Stacia Johnson, Dkt. No. 92 at ¶ 2.

Cherry, Ron Frederick, Stephen Sinclair, Risa Klemme, Scott Russell, Tomas Fithian, Lisa Flynn, and John and Jane Does (collectively, "State Defendants").[2]

Currently before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Theresa L. Fricke, Dkt. No. 134, which recommends that this Court grant State Defendants' motion for summary judgment, Dkt. No. 83. Having fully considered the materials and the relevant legal authorities, the Court adopts the R&R and grants summary judgment to State Defendants. The reasoning for the Court's decision follows.

## II.    BACKGROUND

Plaintiff is an inmate at the Monroe Correctional Complex-Twin Rivers. During the time of the incidents raised in his Amended Complaint, he was incarcerated at SCCC. In 2018, prior to Plaintiff's DOC incarceration, he sustained a neck injury in a car accident. Following the accident, he reported experiencing chronic pain and stiffness in his neck and back.

While at SCCC, Plaintiff met with medical staff multiple times. SCCC medical staff also reviewed Plaintiff's medical records. They determined that, apart from whiplash, Plaintiff was never diagnosed with another more serious neurological condition of the cervical spine. They had no concerns about Plaintiff's general mobility.

Plaintiff expressed a need for back support during meals with the general population, due to his neck and back pain. SCCC medical staff responded by discussing possible accommodations with Plaintiff, including the use of a wheelchair. However, they were concerned that reliance on a passive mobility aid, like a wheelchair, could cause him further disability. Ultimately, however,

---

[2] Plaintiff's Amended Complaint also alleged claims against Danee Young. Amended Compl. at ¶ 18. Those claims were dismissed pursuant to a stipulation filed by the parties. Stip. of Dismissal, Dkt. No. 63.

1   Plaintiff was approved to use a wheelchair for back support during meals. On May 29, 2020, he

2   received written instructions explaining that he needed to bring proof of his accommodation

3   approval to his medical provider to formally request issuance of the wheelchair. Plaintiff alleges

4   that, about two weeks later, he brought the necessary documentation to Gordon, a registered nurse

5   at SCCC, who denied the request.

6         Plaintiff received multiple infractions for violating SCCC rules. He received an infraction

7   for "interfering with count" when he refused to stand for count while experiencing neck and back

8   pain. He received additional infractions when SCCC staff observed him receiving assistance with

9   walking from other inmates, in violation of SCCC's social distancing rules. Plaintiff

10   unsuccessfully appealed the infractions through SCCC's internal appeals procedures.

11         On June 17, 2020, while Plaintiff was on his way to a medical appointment, he fell and hit

12   his head. He was taken to an offsite emergency room for evaluation. A doctor who examined

13   Plaintiff noted that medical testing "did not show any fracture or new changes," but that Plaintiff

14   was likely experiencing acute pain due to neck strain from the fall. Emergency Dep't Report, Dkt.

15   No. 81 at 22-23. After Plaintiff returned from the emergency room, SCCC medical staff issued

16   him a wheelchair. The next day, however, they exchanged the wheelchair for a walker, due to

17   ongoing concerns about the wheelchair further reducing Plaintiff's mobility.

18         Plaintiff filed multiple grievances regarding Defendants' alleged failures to properly treat

19   and accommodate his disability. He alleges that Defendants responded to the grievances by

20   retaliating against him, including by further denying him reasonable disability accommodations.

21   Haynes, the SCCC superintendent, reviewed Plaintiff's grievances and concluded that they were

22   not supported by evidence.

23

ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING SUMMARY JUDGMENT
TO STATE DEFENDANTS

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

### III.   LEGAL STANDARD

Summary judgment is proper only if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 253 (1986).

### IV.   DISCUSSION

#### A.  The R&R and Objections

The R&R recommends dismissal of all of Plaintiff's claims against State Defendants, including that: (1) Plaintiff's constitutional claims against Defendants sued in their official capacities be dismissed because they are improper defendants under § 1983; (2) Plaintiff's Eighth Amendment claims against Defendants sued in their individual capacities be dismissed because he failed to show that Defendants personally participated in violating his Eighth Amendment rights, chose a medically unacceptable course of treatment, or were aware of and disregarded a substantial risk of serious harm to his health or safety; (3) Plaintiff's First Amendment claims against Defendants sued in their individual capacities be dismissed because he failed to present evidence of a retaliatory motive or show that Defendants' alleged actions did not reasonably advance a

ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING SUMMARY JUDGMENT TO STATE DEFENDANTS

- 4

1   legitimate correctional goal; (4) Plaintiff's ADA and Rehabilitation Act claims be dismissed

2   because he failed to show that Defendants denied him access to food or medical services or

3   intentionally discriminated against him; (5) Plaintiff's state law claims be dismissed for failure to

4   comply with Washington's tort claim presentment statute; and (6) Plaintiff's claims against John

5   and Jane Doe Defendants be dismissed because he failed to identify them within the requisite time

6   period.

7       Plaintiff first objects that the Magistrate Judge relied on an improper legal standard.

8   Second, Plaintiff objects that he satisfied the requirements of Washington's tort claim

9   presentment statute by timely filing his tort claims with the Office of Risk Management

10  ("ORM"), and in any case, those requirements should be disregarded in the interests of "judicial

11  equity."

12  ### B.  Whether Plaintiff's Objections Cast Doubt on the R&R's Recommendations

13      A district court must conduct a *de novo* review of those portions of an R&R to which a

14  party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3) (providing that a district

15  court need only review parts of the magistrate judge's disposition that have been properly

16  objected to); *see also Rogers v. Clark Cnty. Corr.*, 2023 WL 4847002, at *1 (W.D. Wash. July

17  28, 2023). A party properly objects when he or she files "specific written objections" to the

18  R&R. Fed. R. Civ. P. 72(b)(2). "In contrast, general objections or summaries of arguments

19  previously presented have the same effect as no objection at all . . . ." *Rogers*, 2023 WL

20  4847002, at *1. The Court addresses each of Plaintiff's objections below.

21      Plaintiff raises a blanket objection to the R&R, arguing that the Magistrate Judge

22  employed "an improper legal standard" in resolving State Defendants' summary judgment

23

24  ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING SUMMARY JUDGMENT
    TO STATE DEFENDANTS

25  - 5

1  motion because the Magistrate Judge "makes credibility determinations and resolves issues in

2  light of the conflicting and disputed evidence . . . ." Objs. at 4, Dkt. No. 135. However, Plaintiff

3  fails to point to any specific inferences to which he objects. Nor is the Court able to identify any

4  incidences in which the Magistrate Judge relied on a credibility determination or viewed

5  evidence in a light most favorable to State Defendants. Therefore, the Court overrules Plaintiff's

6  first objection.

7         The Court also overrules Plaintiff's second objection. Pursuant to Washington's tort

8  claim presentment statute, tort claims against the State and the State's officers or employees

9  must be presented to ORM before a tort action alleging such claims may be filed. RCW §§

10  4.92.100-4.92.110. Plaintiff's assertions that he satisfied the statute's requirements by filing his

11  tort claims with ORM on April 27, 2023 are irrelevant because he commenced this action in

12  2021. *See generally* Compl., Dkt. No. 6; *see also Levy v. State*, 91 Wn. App. 934, 942 (1998)

13  (holding that the procedures of RCW § 4.92.110 are mandatory, "and compliance is a condition

14  precedent to recovery") (quoting *Mercer v. State*, 48 Wn. App. 496, 498 (1987)). Further, the

15  Court cannot excuse noncompliance with the tort claim presentment statute for any reason—

16  equitable or otherwise. *See Levy*, 91 Wn. App. at 942 ("A plaintiff must comply with the

17  requirements of the statutorily created right to bring an action against the State, regardless that

18  such requirements may seem harsh and technical.").

19         Apart from these objections, Plaintiff makes no discernible specific written objections.

20  Rather, he reiterates factual allegations from his Amended Complaint and arguments that he

21  previously made to the Court, which the R&R considered and rejected. Therefore, the Court need

22  not and does not consider those arguments. *See* Fed. R. Civ. P. 72(b)(2); *Rogers*, 2023 WL

23

24  ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING SUMMARY JUDGMENT
TO STATE DEFENDANTS

25  - 6

4847002, at *1. Additionally, the Court has reviewed the record evidence and finds the R&R's conclusions to be correct.

## V.    CONCLUSION

For the foregoing reasons, the Court HEREBY RULES as follows:

1.   The R&R (Dkt. No. 134) is ADOPTED;

2.   Plaintiff's Objections (Dkt. No. 135) are OVERRULED;

3.   State Defendants' motion for summary judgment (Dkt. No. 83) is GRANTED;

4.   This case is DISMISSED with prejudice; and

5.   The Clerk is respectfully directed to send copies of this Order to the parties and to The Honorable Theresa L. Fricke.

DATED this 21st day of October 2024.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING SUMMARY JUDGMENT TO STATE DEFENDANTS

- 7